IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:19-CV-66-FL

| | | |
|---|---|---|
| GEORGE LEONARD TAYLOR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ANDREW SAUL, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' cross-motions for judgment on the pleadings. (DE 23, 29). Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), United States Magistrate Judge Robert B. Jones, Jr., entered memorandum and recommendation ("M&R"), wherein it is recommended that the court grant plaintiff's motion and deny defendant's motion. Defendant timely objected, and the issues raised are ripe for ruling. For the reasons that follow, the court adopts the M&R, grants plaintiff's motion, denies defendant's motion, and remands this case to defendant for further proceedings.

**BACKGROUND**

Plaintiff protectively filed a Title II application a period of disability and disability insurance benefits on May 3, 2016, and a Title XVI application for supplemental security income on September 13, 2016. Both applications alleged disability beginning January 28, 2016. Plaintiffs' applications were denied both initially and upon reconsideration. Later, plaintiff filed a request for a hearing before an administrative law judge ("ALJ"). The ALJ held evidentiary hearing on March 19, 2018, and denied plaintiff's claims by decision entered June 21, 2018.

Following the ALJ's denial of his applications, plaintiff timely filed a request for review with the Appeals Council. On February 27, 2019, the Appeals Council denied plaintiff's request for review, leaving the ALJ's decision as defendant's final decision. Plaintiff then filed the instant action seeking judicial review.

## COURT'S DISCUSSION

A.      Standard of Review

The court has jurisdiction under 42 U.S.C. § 405(g) to review defendant's final decision denying benefits. The court must uphold the factual findings of the ALJ "if they are supported by substantial evidence and were reached through application of the correct legal standard." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). "Substantial evidence is . . . such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). The standard is met by "more than a mere scintilla of evidence but . . . less than a preponderance." Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). In reviewing for substantial evidence, the court is not to "re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment" for defendant's. Craig, 76 F.3d at 589.

"A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling," including "a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence." Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013). An ALJ's decision must "include a narrative discussion describing how the evidence supports each conclusion," Monroe v. Colvin, 826 F.3d 176, 190 (4th Cir. 2016) (4th Cir. 2016) (quoting Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015)), and an

2

ALJ "must build an accurate and logical bridge from the evidence to his conclusion." Id. at 189 (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

To assist it in its review of defendant's denial of benefits, the court may "designate a magistrate judge to conduct hearings. . .and to submit. . .proposed findings of fact and recommendations for the disposition [of the motions for judgment on the pleadings]." See 28 U.S.C. § 636(b)(1)(B). The parties may object to the magistrate judge's findings and recommendations, and the court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." Id. § 636(b)(1). The court does not perform a de novo review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir.1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The ALJ's determination of eligibility for Social Security benefits involves a five-step sequential evaluation process, which asks whether:

> (1) the claimant is engaged in substantial gainful activity; (2) the claimant has a medical impairment (or combination of impairments) that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in [the regulations]; (4) the claimant can perform [his or her] past relevant work; and (5) the claimant can perform other specified types of work.

3

Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (citing 20 C.F.R. § 404.1520). The burden of proof is on the claimant during the first four steps of the inquiry but shifts to the Commissioner at the fifth step. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995).

In the instant matter, the ALJ performed the sequential evaluation. At step one, the ALJ found that plaintiff had not engaged in substantial gainful activity since January 28, 2016. (Transcript of the Record ("Tr.") 16). At step two, the ALJ found that plaintiff had the following severe impairments: osteoarthritis; degenerative disc disease (DDD), lumbar, with stenosis; gout; depressive disorder; anxiety disorder; and alcohol use disorder. (Tr. 16). At step three, the ALJ further determined that these impairments were not severe enough, either individually or in combination, to meet or medically equal one of the listings in the regulations. (Tr. 17).

Before proceeding to step four, the ALJ determined plaintiff had the residual functional capacity ("RFC") to perform medium work with the following limitations:

> except occasionally push/pull and operate foot and hand controls with the lower and upper extremities; occasionally climb ramps or stairs; occasionally climb ladders, ropes or scaffolds; occasionally balance; frequently stoop, kneel and crouch; occasionally crawl; frequently handle objects and finger bilaterally; and frequent exposure to unprotected heights, hazardous machinery or hazardous moving mechanical parts. The claimant's work is limited to simple, routine and repetitive tasks but not at a production rate pace and frequent interaction with the public.

(Tr. 19).

At step four, the ALJ concluded plaintiff was unable to perform any past relevant work. (Tr. 24). At step five, the ALJ determined jobs exist in the national economy that plaintiff can perform. (Tr. 24). Thus, the ALJ concluded plaintiff was not disabled under the terms of the Social Security Act. (Tr. 25).

4

B.    Analysis

Defendant objects to the magistrate judge's determination that the ALJ failed to adequately explain plaintiff's RFC nonexertional limitations regarding concentration, persistence, and pace.

RFC "refers to a claimant's capabilities despite her impairments." Lawrence v. Saul, 941 F.3d 140, 141 n.2 (4th Cir. 2019) (citing 20 C.F.R. § 404.1545(a)). "[A] proper RFC analysis has three components: (1) evidence, (2) logical explanation, and (3) conclusion." Thomas v. Berryhill, 916 F.3d 307, 311 (4th Cir. 2019). Taking into account all medically determinable impairments of which the ALJ is aware, as well as evidence of the intensity and persistence of symptoms caused by those impairments, the ALJ's "assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions" listed in the regulations. Monroe, 826 F.3d at 179; Mascio, 780 F.3d at 636 (quoting SSR 96–8p, 61 Fed. Reg. 34,474, 34,475 (July 2, 1996)). Where the ALJ says plaintiff can perform certain functions, he must discuss plaintiff's "ability to perform them for a full workday." Mascio, 780 F.3d at 636. "Once the ALJ has completed this function-by-function analysis, the ALJ can make a finding as to the claimant's RFC." Thomas, 916 F.3d at 311; Woods v. Berryhill, 888 F.3d 686, 689 (4th Cir. 2018).

In Mascio, the United States Court of Appeals for the Fourth Circuit held that "an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." 780 F.3d at 638 (internal quotations omitted). This is so because the ability to perform simple tasks and the ability to stay on task are distinct. Id. In Thomas, the Fourth Circuit held that an ALJ's explanation that plaintiff could not work in jobs "requiring a production rate or demand pace" was insufficient to allow for judicial review without further elaboration for the court to understand what those terms meant.

5

916 F.3d at 312. Similarly, in Perry v. Berryhill, the court held that the phrase "non-production oriented work setting" was not a sufficiently articulated limitation on concentration, persistence, and pace where the phrase was undefined in the Commissioner's regulations and the ALJ offered no explanation as to what it meant. 765 F. App'x 869, 872 (4th Cir. 2019).

The ALJ recounted the evidence in the record and assessed plaintiff's concentration, persistence, and pace as follows:

> With regard to concentrating, persisting, or maintaining pace, the claimant has a moderate limitation. The medical evidence of record shows the claimant generally did not complain to treating practitioners of serious difficulty maintaining concentration, persistence, and pace due to mental health issues. He reported concentration problems due to pain and/or alcohol. At the hearing, he reported adequate symptom control with Valium. Mental status examination results show average results. Additionally, treating practitioners did not observe that the claimant was overly distractible or slow. The claimant reported watching TV and reading for pleasure. He also reported doing some daily tasks that require some concentration, persistence, and pace.

(Tr. 18). The ALJ then limited plaintiff to "simple, routine and repetitive tasks but not at a production rate pace and frequent interaction with the public." (Tr. 19–24).

The ALJ's decision does not provide the logical explanation required for the court to conduct meaningful judicial review. As noted in Mascio, a limitation to simple and routine tasks, standing alone, is insufficient to address concentration, persistence, and pace. Use of the phrase "production rate pace" here is no more illuminating on judicial review than "requiring a production rate or demand pace" as used in Thomas. Finally, the ALJ does not provide any explanation of how reducing plaintiff's interaction with the public addresses his moderate limitation above. In sum, the court cannot meaningfully evaluate whether the ALJ's decision is supported by substantial evidence.

Defendant argues that this case is analogous to the Fourth Circuit's decision in Sizemore v. Berryhill, 878 F.3d 72, 80–81 (4th Cir. 2017), where the court found the ALJ adequately

accounted for plaintiff's moderate difficulties with concentration, persistence, and pace. As an initial matter, the RFC limitation given by the ALJ in Sizemore was considerably more detailed, where plaintiff was limited to working in a "low stress" environment, which the ALJ "defined as non-production jobs [without any] fast-paced work [and] with no public contact." Id. at 79. The phrase "production rate pace" used here is not similarly clear. (See Tr. 19). Moreover, in Sizemore, the ALJ connected his assessment of plaintiff's limitations to the RFC by relying upon medical opinions that plaintiff "would generally be able to maintain [attention] for at least two [hours] at a time as needed to do simple, routine tasks" and that plaintiff "show sustained attention to perform simple repetitive tasks." Sizemore, 878 F.3d at 80–81 (emphasis in original). Here, no such logical explanation connects the RFC to plaintiff's limitations. (See Tr. 23, 110, 123 (assigning little weight to the assessments of the state agency psychological consultants)). The instant case is analogous to Thomas and Perry and distinguishable from Sizemore.

On de novo review, the court adopts as its own the magistrate judge's conclusion that the ALJ's limitations do not provide sufficient context to explain the intended restrictions and to allow the court to conduct a meaningful review.

## CONCLUSION

Based on the foregoing, plaintiff's motion for judgment on the pleadings (DE 23) is GRANTED and defendant's motion for the same (DE 29) is DENIED. This case is REMANDED to defendant pursuant to sentence four of § 405(g). The clerk is DIRECTED to close this case.

SO ORDERED this 21st day of August, 2020.


LOUISE W. FLANAGAN
United States District Judge

7